ANDREW M. BAILEY v. THE PENNSYLVANIA RAILROAD COMPANY.

JOSEPH NAYLOR v. THE PENNSYLVANIA RAILROAD COMPANY.

Submitted December 10, 1902—Decided February 24, 1903.

It is no defence to an action upon contract that the debt sued for•has been attached in the hands of the defendant in a foreign jurisdiction by a creditor of the plaintiff. *Quœre.* Whether in such case the suit should not be stayed or the execution be controlled?

On appeal from the District Court of the city of Trenton.

Before Justices GARRISON and GARRETSON.

For the plaintiffs, *Harry C. Valentine.*

For the defendant, *Charles E. Gummere.*

The opinion of the court was delivered by

GARRISON, J.    These appeals present a single question, namely, whether it is any defence to an action upon contract that the debt sued for has been attached by a creditor of the plaintiff in the hands of the defendant. The two cases differ only in that the attachment in the case of Bailey had gone to judgment, while in the case of Naylor judgment had not been rendered. In neither case had the sum garnisheed been paid over by the defendant. The attachments were instituted in the State of West Virginia and levied upon wages earned in New Jersey by residents of the latter state. Neither these circumstances nor the validity of the attachment proceedings are of any consequence upon the question that is presented by these appeals, in view of the fact that the matter set up by the defendant does not meet the charge against it. It could not be pleaded in bar, for it neither denies the contract

nor shows performance. It could not be pleaded in abatement, because it does not tend to end the suit, but, at most, only to retard its progress. Even where the earlier and the later suit are between the same parties and of the same date, they must be of the same jurisdiction in order to invoke successfully the rule here contended for by the defendant. The pendency of such prior suit in a foreign jurisdiction may furnish ground for staying the suit here, but not for its abatement. *Kerr* v. *Willetts,* 19 *Vroom* 78.

Whether the pendency of an attachment suit of a different plaintiff should lead to the same practice is a question that is not now presented. All that is presented upon these appeals is the legal propriety of the action of the District Court in overruling the said defence and giving judgment for the plaintiffs. This action we affirm, and order that like judgments be entered pursuant to the statute under which these appeals are taken. *Pamph. L.* 1902, *p.* 565.

It may be that upon a proper application execution should be stayed, but upon this point no opinion is expressed.